EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 05/18/2021 10:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV18759
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

HINMAN LAW GROUP, P.C.
JOHN S. HINMAN, State Bar No. 265581
john@hinmanlawgroup.com
SETH E. WORKMAN, State Bar No. 289213
seth@hinmanlawgroup.com
207 E. Broadway, Suite 201
Long Beach, California 90802
Telephone: (562) 269-4713
Facsimile: (562) 362-6512

Attorneys for Plaintiff, GERALD RUSSELL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT (SSC)

| | |
|---|---|
| GERALD RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.; G2 SECURE STAFF, LLC; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 21STCV18759<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) NEGLIGENCE<br>(2) COMMON CARRIER LIABILITY<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, GERALD RUSSELL and alleges as follows:

### PARTIES

1. Plaintiff, GERALD RUSSELL, is and at all relevant times was, a resident of the State of California.

2. Defendant, DELTA AIR LINES, INC., is and at all relevant times was, an entity incorporated in the State of Delaware, with its principal place of business in Georgia, and registered to do business in the State of California, referred to herein as "DELTA."

3. Defendant, G2 SECURE STAFF, LLC is and at all relevant times was, a limited liability company formed and having its principal place of business in the state of Texas, and registered to do business in the State of California, referred to herein as "G2."

4.  Defendant, "DOE 1," is an employee and/or agent of G2 who performed services solely at Los Angeles International Airport in Los Angeles, California. Based on information and belief, DOE 1 lived, worked, was a resident and citizen of the State of California at all relevant times. The identity of DOE 1 is not known to Plaintiff at this time and is believed to be in the sole possession of G2 and Plaintiff will amend this Complaint as soon as discovery responses from G2 provide the identity of DOE 1. As described more fully herein, DOE 1, in combination with DOE 2, is the individual who was directly negligent and directly responsible for Plaintiff's injuries.

5.  Defendant, "DOE 2," is an employee and/or agent of G2 who performed services solely at Los Angeles International Airport in Los Angeles, California. Based on information and belief, DOE 2 lived, worked, was a resident and citizen of the State of California at all relevant times. The identity of DOE 2 is not known to Plaintiff at this time and is believed to be in the sole possession of G2 and Plaintiff will amend this Complaint as soon as discovery responses from G2 provide the identity of DOE 2. As described more fully herein, DOE 2, in combination with DOE 1, is the individual who was directly negligent and directly responsible for Plaintiff's injuries.

6.  The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOE 1 through DOE 25, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

7.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE was and is responsible in some manner for the events and happenings herein referred to and their conduct directly, proximately, and legally caused the injuries and damages sustained by Plaintiff as herein alleged, either through said Defendants' own conduct or through the conduct of their agents, servants, or employees, or in some other manner.

8.  At all times herein mentioned, each Defendant named herein was and is the duly authorized agent, employee, servant, partner and/ or joint venture of the other co-Defendants, acting within the course and scope of said relationship. Further, when acting as a principle, each

Defendant approved, consented to, and ratified the acts and conduct of his, her, or its co-Defendants.

9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this Complaint, each Defendant, including Defendants designated as DOES 1-25, inclusive, was completely dominated and controlled by his/her/its co-Defendants and was the alter ego of the other as to all events relevant to this Complaint.

## VENUE

10. Venue is proper in the Superior Court of the State of California – County of Los Angeles as the acts giving rise to the Complaint occurred within the County of Los Angeles.

## FACTUAL ALLEGATIONS

11. On May 22, 2019, Plaintiff, GERALD RUSSELL, was a lawful passenger attempting to board DELTA flight no. 1106 departing from Los Angeles International Airport. As a wheelchair bound person, DELTA required that Plaintiff be transferred from his personal wheelchair onto an aisle chair before boarding the DELTA aircraft. The transfer of Plaintiff onto an aisle chair, transport of Plaintiff onto the aircraft, and transfer of Plaintiff from the aisle chair onto his actual seat on the aircraft was to be performed by employees of Defendant, G2.

12. Based upon information and belief, DELTA employs and/or contracts with G2 to provide the above-noted transfer services for wheelchair bound passengers of DELTA, such as Plaintiff. Along with G2, DELTA also manages, supervises, and otherwise controls G2 employees, staff, agents, and/or workers in their performance of transfer services required by DELTA's wheelchair bound passengers.

13. While attempting to board DELTA flight no 1106, Plaintiff was improperly transferred from his wheelchair to an aisle chair by two male employees of G2 (DOE 1 and DOE 2) resulting in Plaintiff falling to the ground. During the transfer process, Plaintiff informed the two G2 employees that he could not assist with the transfer due to a rotator cuff injury and was completely reliant upon them. After Plaintiff was transferred to the aisle chair and strapped in, Plaintiff could immediately tell he was not placed on the aisle chair correctly and that he was not centered properly. Plaintiff told the two G2 employees that he was not positioned properly and

3
COMPLAINT FOR DAMAGES

was going to fall over if they did not fix him and not to let go or attempt to move him. The G2 employees ignored Plaintiff and as the G2 employees attempted to move Plaintiff onto the aircraft, he tilted to the side and forcefully fell to the ground, where his entire left side hit the floor, including his shoulder and hip without any bracing or breaking of the fall. Plaintiff, who was strapped to the aisle chair, remained on the floor for approximately two minutes while the G2 employees attempted to return Plaintiff to his seat. The force and mechanism of this fall caused Plaintiff serious and permanent injuries.

## FIRST CAUSE OF ACTION FOR

## NEGLIGENCE

(By Plaintiff against Defendants, DELTA, G2, and DOE 1, DOE 2, and DOES 3-25, inclusive)

14. Plaintiff re-alleges and incorporates herein by reference the above paragraphs 1 through 13 as though fully set forth herein.

15. Defendants, DELTA, G2, DOE 1, DOE 2, and DOES 3-25, inclusive, were negligent on and around May 22, 2019, in their handling of Plaintiff. Defendants and their employees and/or agents, owed a duty of reasonable care to Plaintiff, created by, among other things, their requirement that Plaintiff be transferred from his personal wheelchair to an aisle chair owned and maintained by said Defendants, as well as their assumption of control over Plaintiff, his safety, and transporting him aboard the DELTA aircraft. Defendants, and each of them, breached this duty by, but not limited to, failing to properly screen and train employees to perform the transfer of wheelchair bound passengers onboard the DELTA aircraft, failing to properly place Plaintiff on the aisle chair, failing to properly move Plaintiff while loaded on the aisle chair, failing to listen to Plaintiff when he advised that he was not placed on the aisle chair properly and would fall, and failing to prevent Plaintiff from falling to the ground while strapped into the aisle chair.

16. As a direct, proximate, and legal result of Defendants' negligence as described herein, Plaintiff suffered significant physical injury. As a result, Plaintiff has suffered from past, and will suffer from future, general damages including but not limited to, physical pain, mental
HINMAN LAW GROUP, P.C.
207 E. Broadway, Suite 201
Long Beach, California, 90802
Phone: 562.269.4713   Fax: 562.362.6512

suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, diminished capacity to perform activities of daily life, and emotional distress, all in an amount to be proven at trial.

17. As a further direct, proximate, and legal result of Defendants' negligence as described herein, Plaintiff has and will in the future incur special damages, including but not limited to, medical expenses and other pecuniary damages in an amount to be ascertained at the time of trial.

## SECOND CAUSE OF ACTION FOR
## COMMON CARRIER LIABILITY

(By Plaintiff against Defendants, DELTA, G2, DOE 1, DOE 2 and DOES 3-25, inclusive)

18. Plaintiff re-alleges and incorporates herein by reference the above paragraphs 1 through 17 as though fully set forth herein.

19. Defendants, DELTA, G2, DOE 1, DOE 2 and DOES 3-25, inclusive, were common carriers at the time of the incident. They maintained regular places of business within the State of California and County of Los Angeles for the purpose of transporting passengers and freight, they advertised their services to the general public, and they charged fees, including fees to Plaintiff, for their services transporting him.

20. At the time of the incident, Plaintiff was a lawful ticket holding passenger of Defendants, DELTA and DOES 3-25. Plaintiff produce his ticket to the ticket agent for DELTA intending to board DELTA flight no. 1106. Plaintiff's ticket was accepted and Plaintiff began the boarding process as a passenger of DELTA. Thereafter, Plaintiff placed himself under the control of Defendants, DELTA, G2, DOE 1, DOE 2, and DOES 3-25, inclusive, and Defendants took control of Plaintiff.

21. As a common carrier, Defendants, DELTA, G2, DOE 1, DOE 2, and DOES 3-25, inclusive, owed a duty to Plaintiff, their passenger, to carry him safely and to use the highest care and vigilance of a very cautious person. Their duty required them to do all that human care, vigilance, and foresight reasonably could under the circumstances to avoid harm to Plaintiff as

5
COMPLAINT FOR DAMAGES

their passenger. They were also required to use the highest care in constructing, servicing, inspecting, and maintaining the equipment used for transporting passengers, including the aisle chair at issue. Defendants, DELTA, G2, DOE 1, DOE 2 and DOES 3-25, inclusive, knew or should have known that failing to properly place Plaintiff on the aisle chair and/or move him after being placed on the aisle chair could reasonably and foreseeably result in significant fall injuries to Plaintiff had they used the level of care required of common carriers. This is especially true given that the passengers being transported by aisle chair are most often disabled or partially disabled individuals, like Plaintiff, which completely reliant upon Defendants, DELTA, G2, DOE 1, DOE 2 and DOES 3-25, their agents and/or employees to ensure the passenger is properly balanced and does not fall over.

22. Defendants, DELTA, G2, DOE 1, DOE 2, and DOES 3-25, inclusive, breached their common carrier duties to Plaintiff by failing to properly screen and train employees to perform the transfer of wheelchair bound passengers onboard the DELTA aircraft, failing to properly place Plaintiff on the aisle chair, failing to properly move Plaintiff while loaded on the aisle chair, failing to listen to Plaintiff when he advised that he was not placed on the aisle chair properly and would fall, failing to prevent Plaintiff from falling to the ground while strapped into the aisle chair, and otherwise failing to comply with their legal duties to their passenger, Plaintiff.

23. As a direct, proximate, and legal result of the breach of these common carrier duties by Defendants, DELTA, G2, DOE 1, DOE 2 and DOES 3-25, inclusive, Plaintiff suffered significant physical injury. As a result, Plaintiff has suffered from past, and will suffer from future, general damages including but not limited to, physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, discomfort, inconvenience, anxiety, diminished capacity to perform activities of daily life, and emotional distress, all in an amount to be proven at trial.

24. As a further direct, proximate, and legal result of Defendants' negligence as described herein, Plaintiff has and will in the future incur special damages, including but not limited to, medical expenses and other pecuniary damages in an amount to be ascertained at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GERALD RUSSELL, prays for judgment against all DEFENDANTS, and each of them, as follows:

AS TO ALL CAUSES OF ACTION:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For costs of suit incurred herein;
4. For prejudgment interest according to law;
5. For such further and other relief as the Court deems just and proper;

DATED: May 18, 2021                    HINMAN LAW GROUP, P.C.

                                       By: _____
                                           JOHN S. HINMAN
                                           SETH E. WORKMAN
                                           Attorneys for Plaintiff,
                                           GERALD RUSSELL

## DEMAND FOR JURY TRIAL

Plaintiff, GERALD RUSSELL hereby demands trial by jury.

DATED: May 18, 2021                    HINMAN LAW GROUP, P.C.

                                       By: _____
                                           JOHN S. HINMAN
                                           SETH E. WORKMAN
                                           Attorneys for Plaintiff,
                                           GERALD RUSSELL

HINMAN LAW GROUP, P.C.
207 E. Broadway, Suite 201
Long Beach, California, 90802
Phone: 562.269.4713   Fax: 562.362.6512

7
COMPLAINT FOR DAMAGES